## BROWN *v.* LATTIMORE *et als.*

| 17 | 93 |
| 105 | 444 |

IN the fall of 1857, L. was elected Treasurer of Butte county for two years, and entered upon the duties of his office in October of that year—giving a bond, with sureties, for the performance of his duties during the period for which he was elected, and until the election and qualification of his successor. In 1859, the Legislature extended his term to the first Monday in January, 1860 : *Held,* that the sureties are not responsible for the official conduct of the Treasurer during the time for which the term was extended ; that the Legislature had no power to extend their liability beyond the precise terms of their contract.

*Held, further,* that the provision inserted in such bond, making sureties liable for the discharge of official duties imposed by law subsequently to the execution of the bond, only applies to such duties as may be required to be performed during the period of liability fixed by the bond, and does not authorize an extension of that period.

APPEAL from the Fifteenth District.

Suit against defendant Lattimore, as Treasurer of Butte county, and the sureties on his official bond, to recover damages for breach of the conditions of the bond. Lattimore was elected Treasurer in September, 1857, and gave bond, and entered upon the duties of his office on the first Monday of October following—his term of office, according to the law then in force, being two years from that date, and until his successor was elected and qualified. The Legislature, in April, 1859, changed the time when County Treasurers should enter on the duties of their office, to the first Monday in January after their election ; and the then incumbents were authorized to hold until the first Monday of January, 1860. Plaintiff was elected in the fall of 1859, as the successor of Lattimore, and having duly qualified at ten o'clock, A. M., of Monday, January 2d, 1860, after the usual hour of opening the Treasurer's office, he demanded of Lattimore the moneys, books, papers, etc., belonging to the office. The demand was refused, and the possession of the office, with the moneys, books, etc., was not surrendered by Lattimore to plaintiff until January 9th, 1860. When the demand was made, January 2d, 1860, Lattimore had in hand $22,-860.17 belonging to the State, which he took to Sacramento after January 9th, 1860, and paid it over to the State Treasurer, receiv-

ing thirty dollars mileage therefor.  On Sunday, the first day of January, 1860, the Auditor of Butte county paid to Lattimore, as Treasurer, a certain sum, on which he received his commission.  On January 2d, 1860, after plaintiff's demand for the office, the Tax Collector paid to Lattimore, as Treasurer, a certain sum, on which he received his commission.

Plaintiff claims that, being entitled to the possession of the office when he demanded it, January 2d, 1860, the moneys paid to Lattimore on that day and the Sunday preceding, and the $22,860.17 in his hands for the State, should have been paid to him, plaintiff; and that, had these moneys been so paid to him, he would have received the thirty dollars mileage and said commissions, for which he now sues.

The sureties demurred to the complaint on the ground, among others, that the extension of Lattimore's term of office discharged them.  Overruled, and answer filed by all the defendants.

The case was tried by the Court without a jury, and judgment rendered for plaintiff, and against Lattimore and his sureties, for the thirty dollars paid Lattimore for taking the State funds to Sacramento, and for one hundred and ninety-eight dollars, as the commissions received by him on the sum paid him by the Tax Collector on the second of January, 1860, after demand made by plaintiff for possession of the office.  Defendants appeal.

*Robinson, Beatty & Heacock*, for Appellants.

The alleged breaches of the conditions of the bond occurred after the period of time during which the securities bound themselves.

The securities undertook for the faithful performance of duties by their principal for two years, and until his successor should be chosen and qualified.  The two years referred to in the bond expired on the first Monday in October, 1859.  (Wood's Dig. 558, sec. 2861.)

At the date of the undertaking the law provided (Wood's Dig. 712, sec. 3419) that if a vacancy occurred in the office of Treasurer by a failure to give bond, the Board of Supervisors should immediately convene, and appoint some person to fill such vacancy.

For the fidelity of their principal, up to that period, the securities were bound.   By section 2861, above referred to, that was to be done on the first Monday in October.

If a failure occurred on that day, the Board of Supervisors were immediately to appoint a successor.   The sureties were bound up to that date, and to the immediate action of the Supervisors, and no further.   By a subsequent law, the Legislature extended the office.

The question is : Does this prolongation of the term of office carry with it the continuing responsibility of the securities ?

It is said, however, that the terms of their undertaking fixed the securities' responsibility for the faithful performance of the duties of his office by their principal—not only of those which then were, but also of those which might hereafter be imposed upon him by subsequent law; and that the act referred to comes within this condition of the undertaking.

But there is a manifest distinction between the duties of an office and the term of an office.   The terms of the bond embraced new duties as well as old, but the duties referred to were those things which he, as an officer, was required to do and fulfill; but no new duties were imposed on the Treasurer by the Act of 1859.   He was simply required to hold his office for a longer term than that previously permitted, and doing which, his securities were bound. It did not enlarge the sphere of duties, change their character, or increase their number; but simply extended the time, without any alteration, during which these duties were to be performed.

*Jos. E. N. Lewis*, for Respondent.

Appellants say that the sureties are not bound, by reason of the extension of defendant's term of office.   They are mistaken.   Lattimore was elected to the office of Treasurer of Butte county, with the right to hold that office " until his successor was elected and qualified."

The Act of 1859, (Laws of 1859–60) fixing the term of certain county officers in Butte county, provides that the incumbent shall hold his office until the first Monday in January, and until his suc-

cessor is elected and qualified. The act does not lengthen the term, but only provides when the present incumbent's successor shall be elected.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

At the general election in 1857, defendant Lattimore was elected Treasurer of Butte county, and entered upon the discharge of his duties on the first Monday in October of that year. His term of office was two years; but in 1859, the Legislature extended the term to the first Monday in January, 1860. The only bond given by him was executed at the commencment of the term; and the question is, whether the sureties upon this bond are responsible for his official conduct during the time for which the term was extended. The bond, as originally executed, bound the sureties for the performance of his duties during the period for which he was elected, and until the election and qualification of his successor. His successor was to be elected at the general election in 1859, and by the law, as it then stood, was to qualify and enter upon the duties of the office on the first Monday in October following. The bond was executed with reference to these provisions; and we do not see upon what principle the Legislature could impose additional responsibility upon the sureties. They stand upon the terms of their agreement, and the enlargement of these terms, even if contemplated by the Legislature, was beyond the authority of that body. The provision of the bond in relation to the discharge of duties subsequently imposed has no application to a case of this nature. It only applies to such duties as may be required to be performed during the period of liability fixed by the bond, and cannot be construed as authorizing an extension of that period. The effect of the bond must be determined by the law in force at the time of its execution; and there could be no subsequent legislation increasing the liability of the sureties, except as provided in the bond itself. The time for which the term was extended was no part of the time in which they had agreed to be liable; and by no action of the Legislature could their liability be extended beyond

that which they voluntarily assumed in executing the bond.  They were to be bound, it is true, until the qualification of a successor, but if the Legislature had not interposed, the period of liability would have been terminated, by such qualification, on the first Monday in October, 1859.  So far as they are concerned, the effect of the extension was to create a new term, to commence at that time and continue until the first Monday in January, 1860.  For the conduct of the Treasurer during this term they did not undertake to be responsible, and cannot, therefore, be held.  The case of *The People* v. *Aikenhead* (5 Cal. 106) is similar in principle, and sustains the conclusions at which we have arrived.

Judgment reversed and cause remanded.