## HUMBOLDT SAVINGS AND LOAN SOCIETY v. WEN-NERHOLD et al.*

### No. 11,674; February 18, 1889.

#### 20 Pac. 553.

**Bond—Liabilities of Sureties.—A Secretary of a Building Association Executed a Bond** to well and truly perform and discharge all his official duties, and do all things required by the by-laws, and to perform faithfully all duties required of him, and obey all orders given him by the board of directors. The secretary was confided with the general superintendence of the association's funds, received, cared for, and paid them out, and the performance of these duties by this officer had become the established usage of the association. Held, that his sureties on the bond were liable for moneys of depositors which he had received and entered in their pass-books, but not in the company's books, and converted to his own use; also for moneys taken by him, which had been deposited in the safe for persons who had borrowed the same; and also for moneys taken from the association and converted, he forging a receipt for the same in the name of a third person.

**Bond—Duration of Liability.—The Fact That No Term of Office was Ever Fixed** or put an end to by any by-law, order, or resolution, does not affect the liability of the sureties, the bond being conditioned that he should perform his duties "so long as he shall continue and be continued in said office." No want of consideration being shown, the sureties could bind themselves for an unlimited period.

APPEAL from Superior Court, City and County of San Francisco.

Manuel Eyre for appellants; A. H. Loughborough for respondent.

FOOTE, C.—Plaintiff brought this action against Wennerhold, Joseph Frank and John Wieland. During its pendency two of the defendants, Joseph Frank and John Wieland, died, and the executors of Frank and the administratrix of Wieland were substituted as defendants. Judgment passed for the plaintiff, from which, and an order denying a new trial, defendants appealed.

---

*For subsequent opinion in bank, see 81 Cal. 528, 22 Pac. 920.

The cause of action set out in the complaint was the breach of the conditions of a bond given to the plaintiff by one Hartmann, its secretary, upon which Wennerhold, Frank and Wieland were the· sureties. The alleged breach consisted in the embezzlement by Hartmann, while acting in the capacity above mentioned, of large sums of money belonging to, or for which the plaintiff was responsible.

The facts attending the affair seem to be that Hartmann embezzled the money which he is charged to have taken, by receiving some of it ''from depositors coming to deposit money in plaintiff's bank, and entered such sums in the pass-books of said depositors, but neglected to cause such sums to be entered in the books of the bank. He converted the same to his own use.'' ''The following depositors deposited money, filling out deposit tags; and Hartmann, receiving said money, signed or indorsed said tags with his name as secretary, and returned them to said depositors as their vouchers, but failed to enter such amounts in the books of the bank, but converted the same to his own use.'' ''Said Hartmann took from bags deposited in the vault and safe of plaintiff's bank money set apart for persons who had borrowed the same from the bank, and converted the same to his own use.'' ''And on the following date said Hartmann took from the money of the bank the following sums, filling a check or receipt, to which he forged the name of V. Chapman, so that it appeared that said sums had been paid by him to said Chapman, whereas he had paid her nothing, but appropriated the money to his own use.'' ''All of which was done by Hartmann while acting as hereinafter testified to in the employ of the plaintiff.'' ''To the testimony adduced, and to each question asked· in eliciting such testimony, the defendant objected on the grounds—First, that the complaint did not state facts sufficient to constitute a cause of action; second, that it was incompetent, irrelevant, and immaterial.'' The defendant further contends that the decision is contrary to the evidence, and that certain of the findings are not supported by the evidence.

The bond seems to have been given under the idea that Hartmann, as secretary of the plaintiff, might thereafter from time to time be re-elected, rechosen, and reappointed, or continued in office, or suffered to hold the same. And in point of fact he seems to have been continued in the office of secre-

tary, to which he was first elected, and to have been suffered to hold the same, and exercise its functions, up to the time of about three days before his death by suicide.

The condition of the bond was that if Hartmann, during his term, or during all the time he should hold the office of secretary, should well and truly serve the plaintiff as such secretary so long as he shall continue and be continued in said office, and "well, truly, and honestly perform and discharge all his duties as such officer, and do all things required of him by the by-laws of said corporation, which may now be in force, or which may be hereafter enacted by said corporation, and shall well and truly and faithfully perform all the duties which shall be required of him, and obey all orders and directions given him by the board of directors of said corporation, then this obligation to be void; otherwise to remain in full force and effect."

The averment in the complaint, after setting out the bond in full as having been given, is "that the said bond was conditioned that said Hartmann should well and truly serve this corporation as such secretary, and well, truly, and honestly perform and discharge all his duties as such officer, and all things required of him by the by-laws of the plaintiff, which might then be in force, or which might thereafter be enacted by this plaintiff, as by reference thereto will more fully appear."

The question really is, not what the office Hartmann was to fill was called, but what its duties were, as prescribed by the by-laws or the orders and directions of the board of directors, or which had devolved upon the secretary by the established usage and custom of the bank, with the consent of the directors, before and after the giving of the bond of which the sureties must be held to have had notice, and whether or not he had well, truly, and faithfully performed them. "When a certain class of corporations—for instance, banks—have established, recognized and well known usages, all persons dealing with their agents will be affected with notice of these usages, and the contracts of such corporations will be construed with reference to them": Tayl. Corp., sec. 195, and cases cited.

The interpretation of the terms of the bond is to be governed by the same rules as other contracts: Civ. Code, sec. 2837.

In order to give a proper construction to an instrument of the kind here involved, "the circumstances under which it was made, including the situation of the subject of the instrument and of the parties to it, may also be shown, so that the judge be placed in the position of those whose language he is to interpret": Code Civ. Proc., sec. 1860. The appellate court, in speaking to such a matter, after alluding to the rule laid down as to official bonds in Hubert v. Mendheim, 64 Cal. 213, 30 Pac. .633, said: "But, as was said in that case with reference to bonds given to individuals and private corporations, 'such matters are the subject of private contract, by which the parties may bind themselves in any manner, or to any extent not violative of public policy or positive statute.' These private contracts are to be interpreted like other private contracts with reference to their language and the circumstances under which they were entered into": Fresno Enterprise Co. v. Allen, 67 Cal. 508, 8 Pac. 59.

The record here shows that the banking corporation of which Hartmann was made the secretary started out on a small scale, and that it was the intention of those controlling and directing it that the secretary should be the chief agent in receiving, caring for, and paying out the moneys which were paid in, paid out, and of which it had charge, or belonged to it. To this secretary, in other words, it was the intention of all those concerned to confide the general supervision of its funds, as cashier, teller, bookkeeper, etc. This is shown by the acts of the parties, and all the surrounding circumstances, both before and after the giving of the bond. It was contemplated in the beginning that there would be a time of small affairs, and that a secretary could do all that is ordinarily confided to a receiving and paying teller, cashier, bookkeeper, etc. These duties all seem to have been expected of Hartmann, to have been assumed by him, and to have become the established usage of the bank, if not directly ordered by its trustees, both before and after the making of the bond. It is perfectly apparent to us that this was the expectation of the sureties when they signed the bond, and that they must have known what Hartmann for years had been doing as secretary, and what the nature of his duties was. He had been secretary for about ten years prior to the making of this bond, and had always

performed the same duties before and after the bond was executed.

The complaint, in effect, gives the conditions of the bond, and the breach of it by Hartmann, and states a sufficient cause of action. He was elected secretary, and was continued or suffered to stay in the same office for years, up to the time of his defalcation, without further election or order, and this was in consonance with the terms of the bond, which seem to contemplate just such a continuance or sufferance in office. No term of office was intended to be fixed by the bond; that was to be left to the action of the directors for the time being, whoever they might be. Their term of office did not affect his: Brandt, Sur., sec. 146; Tayl. Corp., sec. 235. It is not shown that his term of office was ever fixed, or put an end to, by any by-law, order, resolution, or custom. And the sureties could bind themselves for such an unlimited period, as no want of consideration is shown; Metropolitan Loan Assn. v. Esche, 75 Cal. 513, 17 Pac. 677. The responsibility of the sureties, as fixed by the court, is in accordance with the words of the bond. Upon the whole case we perceive no prejudicial error, and advise that the judgment and order be affirmed.

We concur: Belcher, C. C.; Hayne, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.