Opinion issued December 18, 2025



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-24-00797-CV

—————————————

## CITY OF HOUSTON AND CARWIN ALEXANDER FLORES, Appellants

## V.

## MYRNA DE LA CRUZ, Appellee

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2024-07745

## MEMORANDUM OPINION

This appeal arises from a motor-vehicle accident involving Carwin Alexander

Flores, an employee of the City of Houston, and Myrna De La Cruz. The City and

Flores filed a joint motion to dismiss under Rule of Civil Procedure 91a based solely

on limitations. The trial court denied the motion. In a single issue on appeal, the City and Flores argue that the trial court erred by denying the motion. We affirm.

## Background

As alleged in De La Cruz's petition, the motor-vehicle collision underlying this case occurred on February 2, 2022. Flores was driving a dump truck in the course and scope of his employment with the City when he ran a red light and collided with De La Cruz's vehicle. The collision allegedly caused De La Cruz personal injury and vehicle damage.

De La Cruz filed suit against the City and Flores. She asserted a single cause of action for negligence against Flores, and she alleged that the City was vicariously liable for Flores's negligent conduct. Both the district clerk's file stamp and the automated certificate of service from the electronic filing system indicate that the original petition was filed on Monday, February 5, 2024—one business day after the two-year statute of limitations ran on the personal injury action.[1]

The City and Flores each filed an answer asserting a general denial and several affirmative defenses, including limitations.

The City and Flores filed a joint motion to dismiss the action under Rule of Civil Procedure 91a. The sole ground for dismissal was limitations. The motion argued that the two-year statute of limitations expired on Friday, February 2, 2024,

---

[1]     February 2, 2024, was a Friday, and the following Monday was February 5, 2024.

2

but De La Cruz did not file suit until the following Monday after limitations expired. The motion further argued that De La Cruz did not serve process on the City and Flores until months later in July 2024 and that De La Cruz's petition "has not alleged sufficient facts showing due diligence was used in attempting to serve" the City and Flores.

In response, De La Cruz asserted that "Rule 91a is not the appropriate vehicle for dismissing on limitations" because the City and Flores bear the burden to prove the defense by extrinsic evidence, which is inadmissible under Rule 91a. She further asserted that she filed her petition on February 2, 2024, but the district clerk rejected the filing due to an unidentified issue, so she refiled a corrected petition shortly thereafter. The submission was accepted, "but, for whatever reason, the clerk file stamped the petition for February 5, 2024, instead of February 2, 2024." She supported these arguments by relying on an affidavit of correction she had previously filed. She asserted that "the file stamp is not conclusive evidence of when a document was filed" and that she promptly served the City and Flores.

The trial court signed an order denying the motion. This appeal followed.[2]

---

[2] The City and Flores filed a timely motion to extend time to file the notice of appeal along with the notice of appeal. *See* TEX. R. APP. P. 26.1(b), 26.3. The Court grants the motion and considers the notice of appeal timely filed.

## Appellate Jurisdiction

We have a duty to examine our own jurisdiction.[3] *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam). The City and Flores appeal from an interlocutory order denying their Rule 91a motion to dismiss suit, which argued that the trial court lacked jurisdiction based on limitations. *See* TEX. R. CIV. P. 91a.1 (providing for dismissal of cause of action that has no basis in law or fact). We have jurisdiction to consider immediate appeals of interlocutory orders only if a statute authorizes the appeal. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

Generally, this Court lacks jurisdiction over an appeal from an interlocutory order denying a Rule 91a motion to dismiss. *Houston Indep. Sch. Dist. v. Kannady*, 702 S.W.3d 790, 793 (Tex. App.—Houston [1st Dist.] 2024, no pet.). However, an order denying a Rule 91a motion may be subject to an interlocutory appeal if the substance of the motion falls within a category of appeals for which Civil Practice and Remedies Code section 51.014 authorizes an immediate appeal. *See id.* (concluding that appellate jurisdiction existed to review interlocutory order denying Rule 91a motion challenging subject-matter jurisdiction based on governmental immunity from suit).

---

[3] The Court requested supplemental briefing on the jurisdictional question. The parties filed supplemental briefs agreeing that this Court has appellate jurisdiction.

4

Here, the notice of appeal raised section 51.014(a)(8) as the sole ground for appellate jurisdiction. That section permits an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *see also id.* § 101.001(3)(B) (defining "governmental unit" to include "a political subdivision of this state, including any city," but not employee of governmental unit). The statute of limitations, including the requirement of timely service, is jurisdictional in suits against governmental entities. *Tex. State Univ. v. Tanner*, 689 S.W.3d 292, 302 (Tex. 2024).

For purposes of appellate jurisdiction, it is not determinative that the City and Flores sought dismissal of De La Cruz's suit in a Rule 91a motion rather than a plea to the jurisdiction. A jurisdictional challenge, including one based on sovereign or governmental immunity, "may be raised by a plea to the jurisdiction, as well as by other procedural vehicles[.]" *E.g.*, *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (quoting *State v. Lueck*, 290 S.W.3d 876, 884 (Tex. 2009)); *see also Kannady*, 702 S.W.3d at 793. Therefore, at least as to the City, we conclude that we have appellate jurisdiction over the City's interlocutory appeal.

Our analysis of Flores's appeal is slightly different because he is an employee of a governmental unit, not a "governmental unit" under section 51.014(a)(8). *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *see also id.* § 101.001(3). The plain

language of sections 51.014(a)(8) and 101.001(3) does not appear applicable to Flores's appeal.[4]

A suit against a governmental employee in his official capacity "is *not* a suit against the official personally, for the real party in interest is the entity." *Koseoglu*, 233 S.W.3d at 844 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). "Such a suit actually seeks to impose liability against the governmental unit rather than on the individual specifically named and 'is, in all respects other than name, . . . a suit against the entity.'" *Id.* (quoting *Graham*, 473 U.S. at 166).

The Texas Supreme Court has held that section 51.014(a)(8) authorizes an interlocutory appeal by a state employee sued in his official capacity. *Id.* at 841–46 (discussing "sound reasons to treat the state official sued in his official capacity and his employing governmental entity equally under Section 51.014(a)(8)"). Civil Practice and Remedies Code section 101.106(f) sets out circumstances when a suit against a governmental employee is in the employee's official capacity:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.

---

[4] Because we ultimately conclude that section 51.014(a)(8) authorizes Flores's appeal, we do not separately consider whether section 51.014(a)(5) would also authorize his appeal.

TEX. CIV. PRAC. & REM. CODE § 101.106(f); *see also id.* § 101.001(5) (defining "scope of employment"). The question therefore becomes whether Flores was sued in his official capacity.

De La Cruz's petition alleged the following facts about Flores's conduct at the time of the collision and immediately before it:

- "Flores was acting within the course and scope of []his employment for [the City]";
- He "was engaged in the furtherance of the business of [the City]"; and
- He "was engaged in accomplishing a task for which he was employed."

Thus, De La Cruz sued Flores for conduct within the general scope of his employment with the City, which meets the first requirement for an official-capacity suit under section 101.106(f).

De La Cruz also alleged facts establishing that the suit could have been brought under Chapter 101 against the governmental unit, which meets the second requirement under section 101.106(f). She specifically alleged that the City was vicariously liable for Flores's allegedly "negligent, careless, and reckless" driving of a vehicle which caused her personal injury and vehicle damage. *See id.* § 101.021(1) (providing limited waiver of governmental immunity for suits involving negligent operation or use of motor vehicle).

Based on the allegations in the petition, we conclude that De La Cruz sued Flores in his official capacity. We therefore hold that section 51.014(a)(8) authorizes

7

the interlocutory appeal of the order denying the City and Flores's Rule 91a motion to dismiss raising jurisdictional grounds.

## Rule 91a Dismissal

In a single issue with two subparts, the City contends that the trial court erred by denying its Rule 91a motion to dismiss on the ground of limitations.[5] The City argues that De La Cruz filed suit after limitations ran and, alternatively, that she did not use diligence in attempting to serve process.

### A.     Standard of Review

Rule of Civil Procedure 91a authorizes a party to move for dismissal of a cause of action on the grounds that it has no basis in law or fact. TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.*

In ruling on the motion, the trial court "may not consider evidence" but "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6; *see* TEX. R. CIV.

---

[5]     Because we have determined that Flores was sued in his official capacity, which is essentially a suit against the City itself, we refer to both the City and Flores as "the City" in this section of the opinion. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007) (quotations omitted).

P. 59 (permitting "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on" to be attached to and made part of pleadings). A defendant may seek dismissal under Rule 91a based on an affirmative defense. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 653 (Tex. 2020). In ruling on such a motion, a court's decision is still limited to considering whether "the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* at 656 (quoting TEX. R. CIV. P. 91a.1). If the affirmative defense is not "conclusively established by the facts in a plaintiff's petition," the defense is "not a proper basis for a motion to dismiss" under Rule 91a because the rule does not allow consideration of evidence. *Id.*

We review de novo the trial court's ruling on a Rule 91a motion because the availability of a remedy under the facts alleged is a question of law. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

## B.    Analysis

The parties' sole dispute concerns limitations. A statute of limitations bars a party from asserting a right after a specified period. *LaTouche v. Perry Homes, LLC*, 606 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). The limitations period begins to run when the claim accrues. *Id.* "Generally, a claim accrues when the defendant's wrongful conduct causes the claimant to suffer a legal

injury, which gives the claimant the right to seek a judicial remedy." *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 814 (Tex. 2021).

A party must "bring suit" within the applicable limitations period to vest jurisdiction in the trial court. *Tanner*, 689 S.W.3d at 300; *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (providing two-year limitations period for personal injury suits). "Bringing suit" requires both filing an original petition and effecting service of process. *Tanner*, 689 S.W.3d at 300. Merely filing suit does not stop the running of limitations unless the plaintiff exercises due diligence in issuing and serving citation on the defendant. *Id.* at 298; *Draughon v. Johnson*, 631 S.W.3d 81, 93–94 (Tex. 2021) (quotation omitted). If the plaintiff diligently effects service after limitations expires, the date of service relates back to the date the petition was filed. *Tanner*, 689 S.W.3d at 298 (quoting *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam)). Diligence is typically a fact question. *Id.* at 302.

Limitations is an affirmative defense. *Draughon*, 631 S.W.3d at 88. As stated above, limitations is a jurisdictional issue in a suit against a governmental entity. *Tanner*, 689 S.W.3d at 302.

Here, the parties first dispute when suit was filed. The parties agree that De La Cruz's negligence claim is governed by a two-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). The parties also agree that De La Cruz's action accrued on February 2, 2022, when the motor-vehicle collision occurred; the two-

10

year statute of limitations ran on February 2, 2024; and the file stamp on the original petition indicates that suit was filed on February 5, 2024—one business day after limitations ran. But the parties' agreement ends here.

To establish that suit was filed late, the City relies on the file stamp on the petition. The file stamp is dated February 5, 2024. The City also relies on purported judicial admissions by De La Cruz in a verified motion to retain and the citation, both of which state that the petition was filed on February 5, 2024.

De La Cruz responds that the petition does not allege any facts about the filing date, and the "file stamp is not part of the pleading of the cause of action because the clerk, not the plaintiff, controls the file stamp." She further argues that the file stamp date can be rebutted by evidence, such as the affidavit of correction she previously filed, which explained that she filed her petition on February 2, 2024—within limitations—but the filing was rejected, so she refiled a corrected petition which the district clerk file stamped with a date of February 5, 2024. De La Cruz also argues that the purported judicial admissions may not be considered in ruling on the Rule 91a motion because they are extrinsic evidence, and in any event, the City did not preserve error by objecting when she offered contrary evidence in response to the Rule 91a motion. She contends that because the petition itself does not "establish the external fact of when the petition was filed, Rule 91a was not an appropriate vehicle for adjudicating [her] claims[.]" We agree with De La Cruz.

11

Pursuant to a legislative directive, the Texas Supreme Court added Rule 91a as a new rule of civil procedure in 2013. *See* TEX. R. CIV. P. 91a; Act of May 25, 2011, 82d Leg., R.S., ch. 203, § 1.01, sec. 22.004, 2011 Tex. Gen. Laws 757, 757 (codified at TEX. GOV'T CODE § 22.004(g)). Neither party has directed the Court to any authority directly addressing the issue before us: whether a court can consider a pleading's file stamp when ruling on a Rule 91a motion based on limitations. The Court is unaware of any such authority. Nevertheless, we are persuaded by De La Cruz's arguments that under the facts in this case, the file stamp is not a proper consideration under Rule 91a when determining whether the petition was filed within the limitations period.

The City's challenge to the filing date asserts only that De La Cruz's pleadings have no basis in law. *See* TEX. R. CIV. P. 91a.1. Under Rule 91a, "[a] cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* This quoted definition provides several key phrases relevant to this appeal. First, the issue is whether a "cause of action" has a basis in law. *Id.* Second, to determine whether a cause of action has a basis in law, courts consider "the *allegations* . . . together with inferences reasonably drawn from them[.]" *Id.* (emphasis added).

12

The City does not argue or offer any authority supporting its contention that a file stamp is part of the "allegations" in the petition. Rule of Civil Procedure 24 imposes on the trial court clerk a duty to indorse a petition with certain information, including "the day on which it was filed and the time of filing." TEX. R. CIV. P. 24. It is the clerk—not the plaintiff—who affixes the file stamp containing the date on the petition. Thus, the file stamp is not part of the facts pleaded by the plaintiff. *See Bethel*, 595 S.W.3d at 656 (stating that affirmative defense is "not a proper basis for a motion to dismiss" under Rule 91a if defense is not "conclusively established by the facts in a plaintiff's petition").

In response to the Rule 91a motion, De La Cruz argued that she filed her original petition on February 2, 2024—the last day of the limitations period—but the clerk rejected the filing, so she resubmitted it on February 5, 2024. She supported this argument with an affidavit explaining the circumstances of the filing of her original petition. The City relied on purported judicial admissions in other documents to support its position. But "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6. None of the evidence relied on by the parties is permitted under Rule 59, and therefore it is not admissible under Rule 91a.

Nevertheless, the parties' dispute about the original filing date raised a fact issue about when suit was filed—that is, when De La Cruz first submitted her original petition to the electronic filing service provider, which is the operative date for limitations purposes regardless of the file stamp. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (per curiam) (stating that original petition "is deemed in law filed at the time it is left with the clerk, regardless of whether or not a file mark is placed on the instrument and regardless of whether the file mark gives some other date of filing") (quoting *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680 (Tex. 1979), and collecting cases); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); TEX. R. CIV. P. 21(f)(5) (stating when documents, including electronically filed documents, are considered timely filed). De La Cruz did not plead any facts concerning when she filed her petition. *See Bethel*, 595 S.W.3d at 656 (stating that if affirmative defense is not conclusively established by facts in plaintiff's petition, then defense is not proper basis for motion to dismiss under Rule 91a). The file stamp indicates that she filed her petition one business day after limitations ran, and she disputed this date. Therefore, it is plausible that the file stamp represents a corrected filing rather than the initial filing. The result might be different if De La Cruz had filed her petition months after

limitations ran, but that is not this case.[6] Because the parties dispute when De La Cruz initially filed her petition and because the dispute spans only one business day, evidence is necessary to resolve the dispute. Therefore, Rule 91a is not a proper vehicle to resolve the filing dispute. *See* TEX. R. CIV. P. 91a.6; *Bethel*, 595 S.W.3d at 656.

Next, the City contends that De La Cruz did not use diligence in serving process on either it or Flores. The City argues that "De La Cruz has not alleged facts showing that she exercised due diligence in attempting to serve Houston or Flores." This argument puts the cart before the horse. De La Cruz was not required to serve process until after she filed the petition, and the City does not explain how the petition could have alleged facts about future service attempts. *See* TEX. CIV. PRAC. & REM. CODE § 10.001(3) (stating that signature on pleading constitutes certificate that to signatory's best knowledge, information, and belief, formed after reasonable

---

[6]    In its reply brief, the City relies on two cases which it contends have held that evidence is not necessary to determine whether an action is barred by limitations. Those cases are distinguishable because each suit was filed long after limitations expired, the plaintiffs did not dispute the date suit was filed, and the file stamp was not an issue in either case. *See Moore v. Dallas Morning News, Inc.*, No. 05-22-01286-CV, 2024 WL 3439825, at *2, 5–6 (Tex. App.—Dallas July 17, 2024, no pet.) (mem. op.) (concluding that discovery rule did not apply to defamation claim and holding that claim had no basis in law because claim was filed more than two years after limitations expired); *Webb v. Walmart Stores Tex., LLC*, No. 09-21-00011-CV, 2022 WL 2719976, at *1–2 (Tex. App.—Beaumont July 14, 2022, pet. denied) (mem. op.) ("Webb, himself, alleged that Walmart's alleged tortious conduct occurred in April of 2017, and the record reflects that he did not file suit until September of 2020, substantially more than two years after his purported cause of action arose.").

inquiry, each allegation or other factual contention in pleading has evidentiary support or is likely to have evidentiary support after reasonable opportunity for further investigation or discovery). The City does not point to any authority requiring a petition to allege future service attempts to establish diligence. To the contrary, diligence is typically a fact question resolved by affidavit or other evidence detailing a party's attempts to serve process. *See Tanner*, 689 S.W.3d at 299, 302. To the extent that the City relies on other filings in the record on appeal to show that De La Cruz did not use diligence in effecting service, we reiterate that courts are generally confined to the pleadings in ruling on a Rule 91a motion and may not consider evidence. *See* TEX. R. CIV. P. 91a.6.

We conclude that the City did not establish that De La Cruz's action has no basis in law or fact, primarily because the City's contentions are based on factual disputes that will require evidence to resolve. Rule 91a therefore is not the proper procedural vehicle to resolve these disputes. Accordingly, we hold that the trial court did not err by denying the Rule 91a motion to dismiss.

## Conclusion

We affirm the order denying the motion to dismiss under Rule 91a.


David Gunn
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

16