**IN THE MATTER OF THE ADOPTION OF INFANT FEMALE CHILD OF CHARLOTTE BROCK.**

25 So. (2nd) 659            January Term, 1946
April 12, 1946                    Division A

*Knight, Underwood & Cullen,* for petitioners.
*David J. Lewis,* for State Welfare Board, respondent.

TERRELL, J.:

On August 27, 1945, William West Watkins and his wife, Hazel E. Watkins, filed their petition in the Circuit Court to adopt an unnamed female child, alleged to have been born August 15, 1945, to Charlotte Brock, eighteen years of age and unmarried. There was attached to the adoption petition a consent dated August 16th, 1945, properly executed by the mother. A copy of the petition was on October 29, 1945, transmitted to the State Welfare Board at Jacksonville, Florida, as required by the adoption law. The State Welfare Board, after investigation, approved the adoption.

On November 13, 1945, the State Welfare Board filed an amended approval, in which it raised the question of the minority of the mother at the time she executed her consent to the adoption and prayed that the court adjudicate the validity of the consent executed by her in view of Section 72.13, Florida Statutes of 1941, and other statutes relating to the rights of minors.

The Circuit Court conducted an investigation and found the facts as detailed herein to be true. He was in doubt as to whether or not the law of Florida permitted an unmarried minor mother to execute a legal consent for another to adopt her child so as to confer jurisdiction on the court to proceed with the adoption proceedings, as authorized by Chapter 21759, Acts of 1943, in the absence of the appointment of a guardian ad litem to represent the minor mother and secure service of process upon her. He accordingly invoked the pro-

visions of Rule 38 of the Rules of this Court to secure an expression from us on that question.

In our view, the question certified is within the purview of Schwob Company of Florida v. Florida Industrial Commission, 152 Fla. 203, 11 So. (2nd) 782, and may be stated as follows: May an unmarried mother who is a minor execute a valid consent under Chapter 21759, Acts of 1943, Section 72.14, Florida Statutes 1941, so as to obviate the necessity of appointing a guardian ad litem to represent and secure process on her as contemplated by Section 72.13, Florida Statutes 1941, and other applicable statutes relating to service of process on minors.

Section 72.13 and similar statutes have to do with service on minors in proceedings involving their personal or property rights. It was the rule under the common law, rigidly adhered to by statute and the decisions of this state, that in all such cases a guardian ad litem must be appointed to represent the minor and to secure service on him. Neither the minor nor any other person for him could accept service in such proceedings, though the guardian ad litem might waive service upon himself. Polk et al. v. Chase National Company et al., 120 Fla. 243, 162 So. 521; Turner et al. v. Andrews, 143 Fla. 88, 196 So. 449; Davis v. Davis, 143 Fla. 288, 196 So. 614.

The latter line of cases are predicated on the theory that minors are wards of the court and that the courts are charged with responsibility for their welfare. It is also urged in this connection that agreements on the part of parents to transfer custody of their minor children to another were contrary to public policy, both under the common law and under the law of this state and should not be countenanced. Hernandez v. Thomas, 50 Fla. 522, 39 So. 641; State ex rel. Airston v. Bollinger, 88 Fla. 123, 101 So. 282.

In the face of this contention, however, it is admitted that the disability of minority may be removed or regulated by statute in any way that the Legislature may deem advisable. Chapter 21759, Acts of 1943, relating to the adoption of minor children, sets out in extenso the steps required to perfect a legal adoption. The Circuit Court is clothed with

jurisdiction of such proceedings. They are required to be conducted in chancery, and, when perfected, the adopted child becomes the legal heir of the adopting parents, entitled to all the rights and privileges of the child born to such parents in lawful wedlock. The natural parent is relieved of all duty and obligation due the child and is divested of all right with respect to it.

Section 7 of the adoption act provides for service on the parent in the absence of her consent and requires that it be made in person or by legal guardian. Section 8 provides that the "notice provided for in Section Seven hereof be unnecessary when there shall have been filed with the petition, or thereafter, a written consent, executed in the presence of two witnesses and acknowledged before a notary public, or other officer authorized by law to take acknowledgments, by: (a) . . . the living mother of a child born out of wedlock . . . " The consent in question met these requirements.

We think Section 8 of the adoption act, when read in connection with Section 7, removes the requirement for the appointment of a guardian ad litem to represent and secure the service on the minor parent. It not only does this; when read as an entirety, it substitutes a proceeding much more consonant with the welfare of the child. It makes the State Welfare Board the guardian for all minor children who have no natural parents, whose natural parents have abandoned them or surrendered their rights as parents in them to others. The Court and the State Welfare Board are required to investigate and approve the character of the child, the character of those who propose to adopt it, and every step leading to the adoption.

The petition for adoption in this case met every requirement of the statute and the proceeding was free from error. In a proceeding like this the welfare of the child is the first consideration, and we are convinced that the act drawn in question amply protects that. The future welfare and training of a minor child is a matter apart from its property and material rights and may be treated by the Legislature in a way to subject it to the best there is in our way of life. The following cases support this holding: In re Adoption of a

Minor Child, 144 Fed. (2) 644; Application of Presler, 13 N.Y.S. (2) 49.

It follows that the certificate must be and is hereby granted and the question propounded by the Circuit Court answered in the affirmative.

It is so ordered.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.