56 So.2d 450 (1952)
In re ADOPTION OF LONG.
Petition of BOEHM et ux.
Supreme Court of Florida, Special Division A.
January 15, 1952.
Order February 15, 1952.
*451 Joseph E. Price, Jr., Panama City, for appellant.
David J. Lewis, Jacksonville, for appellee.
THOMAS, Justice.
George Boehm and Mary Seale Boehm, his wife, petitioned the circuit court for a decree authorizing the adoption of the child of an unwed mother. Chapter 72, Florida Statutes 1949, and F.S.A. Afterwards, the State Welfare Board addressed to the court a comprehensive report relative to the adoptive parents and the child and concluded it with the statement that it would be to the best interest of the child that the petition be granted.
Thereupon the circuit judge, reciting the recommendation of the board, decreed interlocutorily that the baby be placed in the custody of the petitioners for seven months, and that the matter be formally heard on a specified day eight months later.
Immediately prior to the day set for the final hearing the State Welfare Board advised the court that on information gained during the probationary period, it recommended a decree granting petitioners permanent custody of the child.
At the hearing, however, the judge concluded that the petition should be dismissed because the mother of the child had executed her consent to the adoption before the baby was born and had used a fictitious name when doing so.
The sole question for determination here is the validity of the consent agreement measured by the requirements of Section 72.14, Florida Statutes 1949, and F.S.A., in so far, that is, as the name used and time of execution are concerned.
The consent agreement was executed by Mary Alice Long, unmarried expectant mother, and by the petitioners twelve days before the birth of the baby. The instrument contained recitals that it would be impossible for the mother normally to rear and educate her child; that the prospective parents desired to assume this responsibility; that they had paid or become responsible for all expenses incident to the birth.
It was specifically agreed that the child, if normal at birth, be delivered to the adoptive parents and that the natural mother renounced all claim to the child and unqualifiedly consented to the adoption. This instrument was signed by the three parties and acknowledged before a notary public.
Turning now to the report of the board we find that the petitioners took the child when two days old and have had it ever since; also, that the whereabouts and true names of the natural parents are not even known.
We cannot agree that the consent agreement, because signed before the birth, was so premature as to be inconsistent with the statutory provision that such a consent be executed by "the living mother of a child born out of wedlock * * *." It seems to us that this construction emphasized too much the form and too little the purpose. As we have seen, the welfare of the child has been adequately protected. *452 The matter of consent has mainly, if not absolutely, to do with the parent's right to the joys and blessings of parenthood, as distinguished from the child's right to proper rearing.
Under the statute, rights of the parent may be surrendered by a formally executed paper. But at all times its purpose is the abandonment of the parent's right, and if this be done before birth and be afterward observed, recognized and honored by all parties, we think the purpose of the law is fulfilled by the parent's ratification.
In the instant case the mother has asserted no claim, has made no gesture even, indicating her dissatisfaction with the arrangement, or repudiation of it. We think by her acquiescence, she has waived the right to question regularity of the consent and that this attitude should defeat any such claim made in her behalf.
It seems to us nothing worth while would be accomplished by forcing the petitioners to resort to the provisions of the act for constructive service to acquaint the unknown parent with pendency of the adoption proceedings when she has not only already agreed to the adoption, but subscribed to the reason for it in considerable detail. And meanwhile, the well-being of the child has been protected and maintained to the full by the State Welfare Board which we have called "the guardian for all minor children * * * whose natural parents have abandoned them or surrendered their rights as parents * * * to others." In re Brock, 157 Fla. 291, 25 So.2d 659, 661.
The use of the assumed name gives us little concern. After all, a name is but the designation of a person, a means of identification, and there can be no doubt that Mary Alice Long was thoroughly identified both as the mother of the child and the signatory of the consent agreement, and she was therefore bound. National Life & Accident Ins. Co. v. Saffold, 225 Ala. 664, 144 So. 816. Farnum v. Bankers & Shippers Insurance Company of New York, 281 Mass. 364, 183 N.E. 718. One may adopt a name different from his true one, and his contracts under the assumed name will be binding if unaffected by fraud. Lord v. Cummings, 303 Mass. 457, 22 N.E.2d 26. The mother's purpose is so obvious as to dispel any idea of fraud. She was about to bear an illegitimate child, and she chose this method to secure anonymity.
It is our conviction that the decree was erroneous, so it is reversed with directions to enter one authorizing the adoption.
Reversed.
SEBRING, C.J., TERRELL, J., and MURPHREE, Associate Justice, concur.

Order.
It having been made to appear by the Suggestion of Mary Seale Boehm, duly filed in this cause on January 29, 1952, after the opinion and judgment of the Court was filed in this cause on January 15, 1952, and before the going down of the mandate, that the said George Boehm died January 2, 1952; and the said Suggestion prayed that said cause proceed in the name of the surviving appellant, Mary Seale Boehm, and for other relief, it is ordered that said cause proceed in the name of the surviving appellant, Mary Seale Boehm, and that the judgment entered by this Court on January 15, 1952, be and the same is hereby modified so as to authorize the Court below in its discretion either to enter an order of adoption of the minor child, Dana Lee Long, by the said surviving appellant, Mary Seale Boehm, or to take further testimony concerning the suitability of the adoption of said minor child solely by Mary Seale Boehm, and thereupon to render an appropriate order or decree.
It is further ordered that the order of this Court entered in this cause on February 12, 1952, be and is vacated and set aside.