KLEIN, Judge.
Husband seeks review by certiorari of an order requiring production of the records of his inpatient substance abuse treatment which occurred during dissolution proceedings. We deny review.
Several days prior to the filing of a petition for dissolution, husband was arrested and *305 charged with attempted murder. It was alleged at husband’s bond hearing that he had shot another man twice after they had been drinking and using cocaine together. As a condition of bond the husband underwent inpatient substance abuse treatment at the National Recovery Institute.
The wife sought to obtain the records relating to husband’s treatment for substance abuse because they were relevant to his claim for custody of their children. The trial court denied husband’s objection to the production of these records and husband seeks review.
Section 90.503(4)(c), Florida Statutes (1991), provides that there is no psychotherapist-patient privilege:
For communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which he relies upon the condition as an element of his claim or defense....
In Miraglia v. Miraglia, 462 So.2d 507 (Fla. 4th DCA 1984), a dissolution case in which both parents were seeking primary custody, the court refused to admit the testimony of the wife’s psychiatrist even though the wife had attempted suicide while the dissolution case was pending. This court reversed and held that the testimony of the psychiatrist should have been admitted because the suicide attempt made her mental health relevant to her custody claim. This court relied on Critchlow v. Critchlow, 347 So.2d 453, 455 (Fla. 3d DCA 1977), in which the wife voluntarily hospitalized herself for mental treatment after the filing of a petition for dissolution. The third district held that there was no privilege as to “communications, diagnosis and treatment relative to wife’s fitness as a mother.”
The husband relies on Roper v. Roper, 336 So.2d 654 (Fla. 4th DCA 1976), cert. denied, 345 So.2d 426 (Fla.1977), in which this court held that merely seeking custody does not, in and of itself, put a parent’s mental condition in issue so as to waive the psychotherapist-patient privilege. It is not the husband’s custody claim standing alone which waives the privilege; rather, it is the combination of the claim for custody, and his concurrent inpatient substance abuse treatment after being charged with attempted murder, which waives the privilege.
Certiorari denied.
WARNER and FARMER, JJ., concur.