[No. D038074. Fourth Dist., Div. One. Dec. 12, 2001.]

In re KRISTINE W., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,
Plaintiff and Respondent, v.
KRISTINE W., Defendant and Appellant.

522

**COUNSEL**

Christopher Blake, under appointment by the Court of Appeal, for Defendant and Appellant.

John J. Sansone, County Counsel, Susan Strom, Gary C. Seiser and Michelle Neumann-Ribner, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**McDONALD, J.**—Juvenile court dependent Kristine W. appeals the court's order permitting the San Diego County Health and Human Services Agency (the Agency) to receive certain information from her therapist regarding her therapy. She contends the court was not authorized to disregard her invocation of the psychotherapist-patient privilege. We affirm.

## BACKGROUND

Kristine's dependency proceedings commenced in August 2000, when she was 16 years old, because her father, John W. (Father),[1] physically and sexually abused her and physically abused her brother, Michael W. Kristine was detained and placed with her paternal grandparents. That placement and a subsequent placement with paternal uncle Matthew W. were unsuccessful. Kristine was then detained in Polinsky Children's Center. In March 2001 the court ordered her placed in foster care.

In April 2001 Kristine began an extended trial visit with her paternal uncle Patrick W. Her placement was conditioned on her participation in counseling and SAFE Paths, attending school, and following her uncle's rules. Kristine had run away from previous placements, skipped school, refused to follow rules, had angry outbursts, and engaged in self-mutilation. She obeyed Patrick W.'s rules and attended school regularly while in his home. On May 23 the social worker recommended that Kristine be placed with Patrick W.

The court denied Father visitation until January 2001, when it ordered supervised visits "with therapist[']s input and consideration of [Kristine]'s feelings." Kristine did not want contact with Father because she was angry, afraid and believed that he "will try to turn things around to say it is my fault." Indeed, Father claimed Kristine was sexually aggressive with him and blamed her for the molestation. He eventually admitted some sexual abuse, but minimized and denied many of the allegations.

At the jurisdictional hearing the court ordered therapy for Kristine, which she attended while in the care of her paternal grandparents. After she was placed with her uncle Matthew W., there was a change of therapists. Although Kristine felt that therapy helped her, the change in therapists discouraged her and she refused to continue. She quit SAFE Paths after two sessions, saying it did not help. In March 2001 a psychiatrist evaluated her condition and prescribed antidepressant medication. In April Kristine told the court that she "very much feels in need to talk to someone confidentially" but did not want to go to therapy because she did not trust the

---

[1] Kristine's mother did not participate in the dependency proceedings.

therapist and believed "that confidences are being broken," explaining "[e]very time I tell my therapist something, it gets back to my dad."[2] In May, Kristine resumed therapy.

In January 2001 the Agency requested a psychological evaluation of Kristine. Her counsel objected and invoked the psychotherapist-patient privilege. The court ruled that the privilege applied and ordered an evaluation, with the report to go to Kristine's attorney and a sealed copy to the court. It set a briefing schedule and a further hearing, then ordered that the evaluation not take place pending that hearing. On February 22, after reviewing the briefs and listening to argument, the court again ordered a psychological evaluation, concluding that Evidence Code section 730 authorized the evaluation. Citing Evidence Code sections 730 and 1017, subdivision (a), the court concluded that the psychotherapist-patient privilege did not apply. After being referred to a psychologist for the evaluation, Kristine on advice of counsel refused to participate. At the April 30 six-month review hearing, her attorney again objected to the evaluation. The court said it would not force Kristine to be evaluated, but might do so if her conduct indicated that a higher level of placement was warranted.

At a May 30, 2001, special hearing, Kristine's counsel again invoked the psychotherapist-patient privilege, asking that Kristine's therapist not speak to the social worker about the therapy.[3] The court denied the request.[4] The court reasoned that in the dependency context, the child qualified as a patient and the therapy provider qualified as a psychotherapist, with the communications between the two constituting confidential communications, and the privilege applied. It stated that the need for therapy to be privileged and confidential would be balanced on a case-by-case basis with the Agency's need for information to perform its service-providing function. The court stated the Agency and the Child Advocacy Division of the Public Defender's Office should develop a protocol regarding what information would be disclosed, "tak[ing] into account each case, the sensitivity of the client, [and] the types of issues the client is working on" as well as what information the Agency needed.

Applying these principles to the instant case, the court noted that Kristine had just turned age 17, had "made it clear to [the court] under no uncertain terms that she doesn't want anybody to know what she's talking to her

---

[2]With the consent of all counsel, the court had had an extended, unreported conference with Kristine in chambers, then summarized the conversation on the record.

[3]Kristine was present at the hearing.

[4]The court stated that its ruling might not be in the child's best interests in every case. Of course, the juvenile court is required to focus on the child's best interests. (*In re Chantal S.* (1996) 13 Cal.4th 196, 206 [51 Cal.Rptr.2d 866, 913 P.2d 1075].)

therapist about," and did not trust the social worker. There was no question of returning Kristine to Father immediately, and although there was therapy information the court did not need, it did need the social worker's assurance that she would respect Kristine. The court concluded that the Agency's need for information prevailed over Kristine's need for therapy to be privileged and confidential and the Agency was entitled under Evidence Code section 1012 to receive information from the therapist related to the therapy.

After the court's ruling, Kristine's attorney stated that Kristine would not continue with therapy, and that this was "an . . . example of the chilling effect that that ruling would have on our clients." The Agency's counsel stated that the Agency did not ask therapists for "everything," but rather sought "one letter that gives a general idea of whether or not the client is making progress . . . ." The Agency's counsel represented that she would "tell the social worker not to ask for all the details of what Kristine discloses in her therapy" and the Agency merely sought "general progress [reports] on probably a quarterly or every six-month basis."

Kristine appeals the court's order requiring disclosure.

## DISCUSSION

██ Kristine contends the juvenile court lacks the power to compel a dependent minor's mental health therapist to disclose confidential communications between the minor and the therapist to the social worker over the objections of the minor and her counsel, especially when the minor is of sufficient maturity to understand the concept of privileged communications and there is no reasonable likelihood the child will return to parental custody. Kristine argues the court erred by ordering her therapist to disclose, over her objection, what would otherwise be privileged communications.[5]

██ It is established that the psychotherapist-patient privilege applies to the relationship between a dependent minor and his or her therapist. (*In re Daniel C. H.* (1990) 220 Cal.App.3d 814, 828-829 [269 Cal.Rptr. 624]; *In re Eduardo A., supra,* 209 Cal.App.3d at pp. 1041-1043; Evid. Code, § 1010 et seq.) ██ "[T]he purpose of the privilege is to protect the privacy of a patient's confidential communications to his [or her] psychotherapist. [Citations.]" (*In re Daniel C. H, supra,* 220 Cal.App.3d at p. 826.)

██ Under Evidence Code section 1013, the holder of the psychotherapist-patient privilege is "[t]he patient when he [or she] has no guardian or

---

[5]Kristine makes no argument regarding the psychological evaluation, which she acknowledges is authorized by Evidence Code section 1017, subdivision (a) ("[t]here is no privilege under this article if the psychotherapist is appointed by order of the court to examine the patient"). (*In re Eduardo A.* (1989) 209 Cal.App.3d 1038, 1044 [261 Cal.Rptr. 68].)

conservator." (Evid. Code, § 1013, subds. (a), (b).) Historically, the social worker in a dependency case was the child's guardian ad litem. (Former Welf. & Inst. Code, § 326, repealed by Stats. 2000, ch. 450, § 2, July 1, 2001.) According to the Agency, "[c]ommunication between children's therapists and social workers was, understandably, the norm. Indeed if the social worker [did not] communicate with the child's therapist, and vice versa, the court would rightfully have been concerned. That communication between the child's therapist and the social worker was used in reports to the court at review and other hearings. . . . [I]nput from children's therapists has played a vital role in helping both the Agency and the juvenile court make decisions regarding the safety and welfare of dependent children."

Welfare and Institutions Code section 326 was repealed effective July 1, 2001 (Stats. 2000, ch. 450, § 2), and the Legislature added Welfare and Institutions Code section 326.5, which provides that a dependent child's guardian ad litem "may be an attorney or a court-appointed special advocate . . . ." The legislative history shows the Legislature sought to make federal funding available in dependency actions by complying with the requirement that the child's guardian ad litem be an attorney or court-appointed special advocate. It was noted that "California is one of only three states that currently allows the child to be represented by the same individual who represents the petitioning agency." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 2160 (1999-2000 Reg. Sess.) as amended Apr. 25, 2000, p. 6.)

Welfare and Institutions Code section 317, subdivision (f) was amended effective January 1, 2001, to provide that a dependent child who is "of sufficient age and maturity to so consent . . . may invoke the psychotherapist-client privilege . . . ."[6] "This provision is intended to ensure that in cases where the child is a dependent of the court due to abuse or neglect at the hands of the child's parent or guardian, . . . the parent or guardian cannot shield his or her behavior from scrutiny by keeping damaging information hidden from view under the guise of exercising the child's privilege of confidentiality. Absent such amendment, it appears, under the provisions of the Evidence Code, that the parent or guardian would otherwise be the holder of the privilege." (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 2160, *supra*, as amended Apr. 25, 2000, p. 7.)

Welfare and Institutions Code section 317, subdivision (f) designates the holder of the psychotherapist-patient privilege but does not affect the substantive law on the privilege; the amendment changed the identity of who

---

[6]Welfare and Institutions Code section 317, subdivision (f) provides: "Either the child or the counsel for the child, with the informed consent of the child if the child is found by the court to be of sufficient age and maturity to so consent, may invoke the psychotherapist-client privilege . . . ; and if the child invokes the privilege, counsel may not waive it, but if counsel invokes the privilege, the child may waive it. Counsel shall be holder of th[is] privilege[] if the child is found by the court not to be of sufficient age and maturity to so consent. . . ."

can assert the privilege but did not change the scope of the privilege itself. Evidence Code section 1012, which remains the same as it was before the amendment of Welfare and Institutions Code section 317, subdivision (f), defines " 'confidential communication between patient and psychotherapist' " as "information, including information obtained by an examination of the patient, transmitted between a patient and his [or her] psychotherapist in the course of that relationship and in confidence by a means [that], so far as the patient is aware, discloses the information to no third persons other than those who are present to further the interest of the patient in the consultation, *or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the psychotherapist is consulted . . . .*" (Evid. Code, § 1012, italics added.)

In *In re Pedro M.* (2000) 81 Cal.App.4th 550 [96 Cal.Rptr.2d 839], the court relied on Evidence Code section 1012 in holding that the trial court did not err by admitting testimony of the minor's therapist after invocation of the psychotherapist-patient privilege. The court explained: "Quite obviously, the court's ability to evaluate [the minor]'s compliance with [a] condition of the court's disposition order and its effect on his rehabilitation would be severely diminished in the absence of some type of feedback from the therapist, and it would be unreasonable for [the minor] to think otherwise. [Citations.]" *(Pedro M.,* at p. 554.) The court noted, "[T]he juvenile court carefully sought to circumscribe [the therapist]'s testimony 'so that the details of the therapeutic session [would] not [be] disclosed.' As a consequence, no testimony was admitted regarding any specific statements [the minor] had made to [the therapist], any advice given to [the minor] by [her], or any diagnosis made by [her]. Under the circumstances, . . . the psychotherapist-patient privilege did not preclude [the therapist] from testifying . . . concerning [the minor]'s participation and progress in the court-ordered treatment plan." *(Id.* at pp. 554-555; see also *In re Daniel C. H., supra,* 220 Cal.App.3d at pp. 829-830 [dependent child's therapist could give limited testimony despite child's assertion of psychotherapist-patient privilege].)

The rationale of *In re Pedro M., supra,* 81 Cal.App.4th 550, is applicable in the juvenile dependency context, in which therapy has a dual purpose—treatment of the child to ameliorate the effects of abuse or neglect and the disclosure of information from which reasoned recommendations and decisions regarding the child's welfare can be made. As the Supreme Court has observed, "[w]ithout the testimony of psychologists, in many juvenile dependency and child custody cases superior courts and juvenile courts would have little or no evidence, and would be reduced to arbitrary decisions based upon the emotional response of the court." *(In re Jasmon O.* (1994) 8 Cal.4th 398, 430 [33 Cal.Rptr.2d 85, 878 P.2d 1297].)

We conclude the psychotherapist-patient privilege protects Kristine's confidential communications and details of the therapy, but does not preclude her therapist from giving circumscribed information to accomplish the information-gathering goal of therapy. (Evid. Code, § 1012; *In re Pedro M., supra,* 81 Cal.App.4th at pp. 554-555.) Without information from the therapist, both the court and the Agency would be hampered in their efforts to ensure that Kristine receives services to protect her and enable her to make a successful transition from court-dependent minor to adult. The legislative history of Welfare and Institutions Code section 317, subdivision (f) does not suggest the Legislature intended to make unavailable that important information. Kristine's suggestion that the court rely on her counsel to ascertain and divulge information from the therapist is impracticable. Kristine's attorney's opinion regarding what should be divulged may vary from Kristine's opinion, creating a potential conflict of interest because as counsel he is bound to follow his client's direction. (Welf. & Inst. Code, § 317, subd. (f).) Also unpersuasive is Kristine's suggestion that the Agency "could gauge the success (or non-success) of the therapy by seeing how she interacted with her caregivers, her teachers, her siblings and peers" or "request a diagnostic study or a bonding study." Although undoubtedly there are many important sources of information concerning a child's progress, the therapist's input is invaluable. (Cf. *In re Eduardo A., supra,* 209 Cal.App.3d at pp. 1043-1044; *In re Jasmon O., supra,* 8 Cal.4th 398, 430.)

Although Kristine is a minor in need of protection and is not entitled to have unfettered freedom to decide whether therapy is in her best interest, her acting out and refusal to accept therapy are likely a result of her victimization by Father. His sexual abuse has probably left her feeling betrayed and powerless, and it would be regrettable if the entities trying to help her were inadvertently to reinforce those feelings by allowing her innermost thoughts to be disclosed by and to those she distrusts. We acknowledge that given Kristine's age and the circumstances of this case, there is no practical possibility that she will be reunified with Father.[7] We also recognize she "has at stake a substantial privacy interest" in the therapy she clearly needs. (*In re Daniel C. H., supra,* 220 Cal.App.3d at p. 828.) In view of the foreseeable "substantial emotional harm to [Kristine] from a forced disclosure" (*ibid.*), we affirm the juvenile court's order only to the extent it permits disclosure by Kristine's therapist of matters that reasonably assist the court in evaluating whether further orders are necessary for Kristine's benefit and preserves the confidentiality of the details of her therapy.[8]

---

[7]She is participating in an independent living skills program and wants to be emancipated.

[8]This limitation is also necessary because the juvenile court did not define the category of information the therapist was required to disclose.

## DISPOSITION

The order is affirmed to the extent it permits disclosure by Kristine's therapist of matters that would reasonably assist the juvenile court in evaluating whether further orders are necessary for Kristine's benefit, and preserves the confidentiality of the details of her therapy.

Huffman, Acting P. J., and McIntyre, J., concurred.