125 Cal.Rptr.2d 570 (2002)
102 Cal.App.4th 560
In re S.D. et al., Persons Coming Under the Juvenile Court Law.
Stanislaus County Community Services Agency, Plaintiff and Respondent,
v.
Anthony D., Sr., Defendant and Appellant.
No. F040466.
Court of Appeal, Fifth District.
September 27, 2002.
*571 Christopher Blake, under appointment by the Court of Appeal, San Diego, for Defendant and Appellant.
Michael H. Krausnick, County Counsel, and Carrie Stephens, Deputy County Counsel, for Plaintiff and Respondent.

OPINION
ARDAIZ, P.J.

SUMMARY OF PROCEEDINGS BELOW
This is an appeal from the termination of the parental rights of appellant Anthony D, Sr., pursuant to Welfare and Institutions Code section 366.26.[1] Anthony D, Sr., has several children by the same mother,[2] including S.D. and R.D. Dependency proceedings alleging various types of abuse and neglect were first initiated in 1997, before R.D. was born. Despite multiple attempts at court intervention and reunification efforts,[3] parental rights as to S.D. and R.D. were ultimately terminated on April 2, 2002.[4]
The appeal raises a single issue and centers on a change to California's dependency statutes which requires the appointment of a guardian ad litem, who does not also represent the interests of the agency filing the petition, to represent a child's interest. This case was pending on July 1, 2001, the effective date of the legislative changes. The petition leading to termination of parental rights was filed on September 20, 1999. At that time, the social worker filing the petition, a representative of respondent Stanislaus County Community Services Agency, was, by application of law, appointed guardian ad litem for the children. Both children were removed from the home and the petition was sustained after amendment. The court appointed independent counsel to represent the children on March 5, 2001. After an unsuccessful reunification effort, an adoptions assessment report was filed on July 16, 2001, and the case was set for a permanent plan hearing pursuant to section 366.26. The permanent plan hearing occurred on March 14, 2002. However, a new guardian ad litem was never appointed and the order appointing independent counsel did not include a charge that counsel act as guardian ad litem.

DISCUSSION
Appellant contends in his appeal that the failure of the court to appoint an independent guardian ad litem pursuant to the mandates of section 326.5 renders the termination order, and all orders of the court after July 1, 2001, null and void. This is an issue of first impression.
*572 We will agree with respondent that the statutory changes are to be applied prospectively only, and that in cases where the petition alleging abuse or neglect was filed before the July 1, 2001, effective date, there was no need for the juvenile court to appoint a new guardian ad litem. Those who held the office pursuant to former section 326 retained the office and its responsibilities in pending cases.

A. Statutory Changes and Legislative History
Former section 326 provided that the probation officer or social worker who files a dependency petition "under this chapter" (§ 300 et seq.) "shall be the guardian ad litem to represent the interests of the minor," unless the court appoints another adult to act as guardian ad litem. The provision was repealed effective July 1, 2001. (Former § 326, repealed by Stats.2000, ch. 450, § 2, operative July 1, 2001.) In its place, the Legislature enacted section 326.5, which requires the Judicial Council to adopt a rule of court requiring the appointment of a guardian ad litem who may be an attorney or special advocate, but by implication cannot be the social worker or probation officer who filed the dependency petition. (Stats.2000, ch. 450, § 3.) The Judicial Council complied and adopted California Rules of Court, rule 1438, which requires courts to promulgate local rules reflecting the statutory requirements.
Senate Bill No. 2160 (1999-2000 Reg. Sess.) was responsible for these changes. The history of the bill reveals two main purposes: 1) to give abused and neglected children in dependency courts a voice by creating a presumption that the child will benefit from the appointment of independent counsel who is focused solely on the best interest of the child,[5] and 2) to bring California dependency law into compliance with federal standards in order to make federal grant funding available to the state. Federal law offers grants to states that provide for a guardian ad litem to represent the interests of a child in a dependency matter based on allegations of abuse or neglect, but requires that the guardian ad litem be either an attorney or a special advocate. (Child Abuse Prevention and Treatment Act (Pub.L. No. 93-247 (Jan. 31, 1974) 88 Stat. 4), codified in 42 U.S.C. § 5106a (b)(2)(A)(ix).) Federal standards do not allow the social worker representing the agency to fill this role. (In re Kristine W. (2001) 94 Cal.App.4th 521, 526, 114 Cal.Rptr.2d 369; Sen. Com. on Judiciary, Analysis of Sen. Bill No. 2160 (1999-2000 Reg. Sess.) as amended Mar. 30, 2000, pp. 3 & 11-12; Sen. Appropriations Com. Fiscal Summary of Sen. Bill No. 2160 (1999-2000 Reg. Sess.) as amended Apr. 25, 2001; Assem. Com. on Appropriations, Analysis of Sen. Bill No. 2160 (1999-2000 Reg. Sess.) as amended June 27, 2000; Assem. Com. on Judiciary, Analysis of Sen. Bill No. 2160 (1999-2000 Reg. Sess.) as amended Apr. 25, 2000, p. 6.)
These changes clearly mandate that after July 1, 2001, the juvenile court is required in any dependency action filed in California falling within the statutory definition, e.g., based on neglect or abuse of *573 the child or in which a prosecution is initiated under the Penal Code arising from neglect or abuse of the child, to appoint a guardian ad litem who is either an attorney or a court-appointed special advocate to represent the interest of the child. No longer may the social worker or probation officer who files the petition act in this capacity.
Nonetheless, the clarity of this mandate does not, as appellant suggests, require that any juvenile court order in a case pending on July 1, 2001, be declared null and void unless a new guardian ad litem was appointed. The impact of the changes on pending cases turns on whether the statutory changes are given prospective or retroactive application. The issue is purely a question of law and therefore subject to our independent review. (See Associated Builders & Contractors, Inc. v. San Francisco Airports Com. (1999) 21 Cal.4th 352, 361, 87 Cal.Rptr.2d 654, 981 P.2d 499; Golden Cheese Co. v. Voss (1991) 230 Cal. App.3d 547, 556, 281 Cal.Rptr. 587.)

B. Retrospective or Prospective Application?
Ordinarily statutes are presumed to operate prospectively; a retrospective application is appropriate only where there is a clear expression of legislative intent to do so. (Evangelatos v. Superior Court (1988) 44 Cal.3d 1188, 1207-1208, 246 Cal. Rptr. 629, 753 P.2d 585; Aetna Cas. & Surety Co. v. Ind. Acc. Com, (1947) 30 Cal.2d 388, 393, 182 P.2d 159.) An appellate court may infer such an intent from the express provisions of the statute as well as from extrinsic sources, including the legislative history. (Evangelatos v. Superior Court, supra, at p. 1210, 246 Cal.Rptr. 629, 753 P.2d 585.) A statute is retroactive if it substantially changes the legal effect of past events. (Western Security Bank v. Superior Court (1997) 15 Cal.4th 232, 243, 62 Cal.Rptr.2d 243, 933 P.2d 507.)
In this case, the petition was filed prior to the repeal of former section 326. Under the former statute, the social worker who filed the petition became guardian ad litem for the children as a matter of law. No formal order of the court was needed. The office and its companion responsibilities and duties were assigned automatically: the legal relationship was created by statutory mandate. A retrospective application of the repeal of former section 326, and the enactment of section 326.5, would eliminate the legal relationship previously created under the authority of former section 326, a substantial legal change of past events. There is nothing in the legislative history which supports a conclusion that this is what the Legislature intended: no statement of immediacy, no hint that retroactive application was even considered.
Given the severe consequences of applying the changes retroactively, e.g., thousands of pending juvenile matters would require the appointment of a new guardian ad litem on July 1, 2001, or risk a finding that any subsequent order would be deemed null and void,[6] we refuse to apply the statutory changes retroactively without a clear legislative mandate that we do so. The legislative concern that California law be brought into compliance with federal *574 standards,[7] while significant financially, does not rise to a level requiring immediate compliance in all pending cases, nor does it justify the severe disruption to proceedings in the state's dependency courts unavoidable under a retroactive application of the statutory changes.
We find it impossible to believe that the Legislature meant to engender such a result. There is nothing in the legislative history that suggests the prior practice of appointing the social worker or probation officer as guardian ad litem was unconscionable or yielded unjust and unwarranted results. True, the Legislature expressed concern that children receive independent representation, not representation linked to the petitioning agency. (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 2160, supra, as amended Apr. 25, 2000, p. 6.) However, the majority of the discussion on this issue revolved around appointment of independent counsel and in expanding the role of independent counsel beyond traditional boundaries. (See § 317, subd. (c); Sen. Com. on Judiciary, Analysis of Sen. Bill No. 2160, supra, as amended Mar. 30, 2000, pp. 2-11; Assem. Com. on Judiciary, Analysis of Sen. Bill No. 2160, supra, as amended Apr. 25, 2000, pp. 4-5.) Even amidst discussion of this significantly more emphasized concern, the Legislature did not address the question of retroactive application.[8] If the Legislature intended to dissolve the duties and responsibilities held by a lawfully appointed guardian ad litem on July 1, 2001, it needed to state its intention clearly.[9] It did not do so.

*575 DISPOSITION
The judgment of the juvenile court terminating appellant's parental rights is affirmed.
WE CONCUR: HARRIS, and GOMES, JJ.
NOTES
[1] All further references are to the Welfare and Institutions Code unless otherwise noted.
[2] The mother has not appealed from the order terminating her parental rights and is not a party to this appeal.
[3] The facts leading to the filing of the petition and concerning the reunification efforts are not relevant to the issue raised on appeal.
[4] This appeal does not involve any challenge to the permanent plan order for the other children.
[5] Enacted at the same time, but made effective January 1, 2001, section 317, subdivision (c) was amended to require that an unrepresented child be appointed independent counsel in all dependency proceedings, unless the court makes a finding that the child would not benefit from appointment of counsel. The statute also expanded the role of counsel to advocate for the protection, safety, and physical and emotional well-being of the child, including an obligation to investigate, interview and ascertain the facts, as well as to assess the child's well-being. (Stats.2000, ch. 450, § 1.) The impact of this change is that in virtually all dependency matters, a child will be represented by independent counsel.
[6] See In re Jessica G. (2001) 93 Cal.App.4th 1180, 1191, 113 Cal.Rptr.2d 714; In re Sara D. (2001) 87 Cal.App.4th 661, 674, 104 Cal. Rptr.2d 909 (failure to provide incompetent party with guardian ad litem requires orders and judgments rendered to be set aside). We do not decide whether these cases involving the failure to appoint a guardian ad litem for a parent would garner the same result if an action were taken without a guardian ad litem representing the interests of a child. We only note the question would undoubtedly be posed.
[7] We have reviewed a significant portion of the legislative history of Senate Bill No. 2160. The discussion of the proposed repeal of section 326 and enactment of section 326.5 primarily centers on the federal funding issue, although there is a reference to California being one of three states that allowed a child's guardian ad litem to be an individual from the petitioning agency prior to the change. (Assem. Com. on Judiciary Analysis of Sen. Bill No. 2160 supra, as amended Apr. 25, 2000, p. 6.)
[8] We note that before July 1, 2001, the children here were provided independent counsel. We recognize that historically the role of counsel is distinct from that of guardian ad litem. (County of Los Angeles v. Superior Court (2001) 91 Cal.App.4th 1303, 1311, 111 Cal.Rptr.2d 471; In re Christina B. (1993) 19 Cal.App.4th 1441, 1453, 23 Cal.Rptr.2d 918 [guardian ad litem's role is more than an attorney's but less than a party's]; In re Robert A. (1992) 4 Cal.App.4th 174, 192, 5 Cal. Rptr.2d 438 [counsel is charged with representing legal interest under § 317, social worker is guardian ad litem under former § 326].) Under these cases, the appointment of counsel would not resolve the contention raised by appellant, i.e., that no independent guardian ad litem represented the children's interest after July 1, 2001, in the absence of an order that counsel act as both legal advocate and guardian ad litem. However, the Judicial Council apparently reads section 326.5 to allow independent counsel to act in both capacities, without the need for additional orders from the court. Rule 1438 of California Rules of Court provides that a juvenile court must appoint a Court Appointed Special Advocate (CASA) as guardian ad litem only if the court does not appoint independent counsel (and makes the requisite findings to support its decision not to appoint counsel). (Cal. Rules of Court, rule 1438(b)(3) & (e).) It says nothing about appointing a second attorney to act as guardian ad litem, and does not require an express order that legal counsel serve in both roles. We need not decide whether this is sufficient under the mandates of section 326.5 (see California Court Reporters Assn. v. Judicial Council of California (1995) 39 Cal.App.4th 15, 25-26, 46 Cal.Rptr.2d 44 [statute prevails if rule and statute are in conflict]), because, as we have explained, the statutory changes are to be applied prospectively and do not require appointment of an independent guardian ad litem in pending cases.
[9] Government Code section 1302 provides that "[e]very officer whose term has expired shall continue to discharge the duties of his office until his successor has qualified." We believe the policies supporting this statute provide further support for our conclusion here. Although a guardian ad litem is not an elected public officer governed by Government Code section 1302, similar policy considerations argue against applying the statutory changes retroactively. A retroactive application of section 326.5 would create undue havoc in our juvenile dependency courts because it would, in every case, leave a gap between successive guardians ad litem. It was logistically impossible for juvenile courts to appoint a new guardian ad litem in every pending case on midnight July 1, 2001. Retroactive application would mean of necessity, thousands of children left for unspecified periods of time, periods with unknown significance to their interests, without a guardian ad litem. This type of gap is simply not supportable under established public policy considerations. (See Hartford Acc. etc. Co. v. City of Tulare (1947) 30 Cal.2d 832, 836, 186 P.2d 121 [public officer continues to perform the duties of the office and holds office beyond the term for which he was elected or appointed, because there is a public policy against having a vacancy in public office a result of a gap between successive office holders]; People v. Bissell (1874) 49 Cal. 407 [person who held office by appointment of governor retains office and responsibilities until successor is qualified]; 1 Ops. Cal.Atty.Gen. 65 (1943) [sheriff who has appointed deputies need not upon his reelection reappoint such deputies, because they themselves are public officers and their appointment continues until removal].)