845 So.2d 953 (2003)
S.C., a minor child, Petitioner,
v.
GUARDIAN AD LITEM, et al., Respondents.
No. 4D02-3414.
District Court of Appeal of Florida, Fourth District.
April 30, 2003.
Rehearing Denied June 6, 2003.
*954 Maxine Williams of Legal Aid Society of Palm Beach County, Inc., West Palm Beach, for petitioner.
*955 Tracy S. Carlin of Mills & Carlin, P.A., Jacksonville, and Karusha Y. Sharpe, Tallahassee, for Respondent-Guardian Ad Litem.
Jeffrey Dana Gillen, West Palm Beach for Respondent Department of Children and Families.
Bernard Perlmutter, Pamela Airmar, Marissel Planes and Andrew Boese, Coral Gables, for amicus curiae-University of Miami School of Law Children & Youth Law Clinic.
Mary K. Wimsett, Gainesville, for amicus curiae-State of Florida, Guardian Ad Litem Programs.
STONE, J.
We treat this non-final appeal as a petition for certiorari, grant the petition, and quash the trial court's order allowing a guardian ad litem unrestricted access to the records of the minor/petitioner's treating therapist.[1]
Pursuant to section 39.402, Florida Statutes, the Department of Children and Family Services ("the department") filed a shelter petition for Petitioner, alleging several reported acts of abuse and alleging that Petitioner's parents were unable to control or provide a safe environment for Petitioner, age fourteen. Petitioner had also exhibited serious behavior constituting a threat to herself and others. At the time of the shelter petition, she had been Baker Acted several times during the prior three years.
A guardian ad litem was appointed to represent Petitioner. A standard form order was used for the appointment of the guardian ad litem that states:
Upon presentation of this Order to any agency, hospital, organization, school, person, or office including the Clerk of this Court, Department of Children and Families, human services agencies and/or child-caring agencies, public and private health facilities, medical and mental health professionals, including doctors, nurses, pediatricians, psychologists, psychiatrists, counselors, and staff, and law enforcement agencies, the individual designated in this cause and the Circuit Director or program staff are hereby authorized to inspect and copy any records relating to the above-named child(ren) without consent of said child(ren), parents of said child(ren) or caregivers of said child(ren), regardless of the confidentiality or classification status of said records or information.
The department filed its petition for adjudication of dependency and the trial court appointed an attorney ad litem to represent Petitioner. Petitioner's father consented to the dependency petition and Petitioner was adjudicated dependent as to her father and placed in the custody of her maternal grandmother.
In preparation for the mother's trial, the department filed a motion for release of the child's records, requesting the therapy records from Petitioner's former therapist and psychologist, Dr. Maura Malloy. The department attached a copy of a release of information for those records signed by Petitioner's mother.
Petitioner objected to the release of information on grounds of the psychotherapist/patient privilege, pursuant to section 90.503, Florida Statutes. The trial court initially ordered that all records involving abuse, neglect, or abandonment be released to the parties. However, the trial court, on rehearing, recognized that Petitioner *956 had not waived her privilege under section 90.503 and concluded that it would review the records in camera and release only those records related to Petitioner's parents' statements in therapy, but not any of Petitioner's communications during joint sessions with her parents. The trial court also agreed to release the dates Petitioner attended therapy. This order, however, did not restrict access by the guardian ad litem to the confidential records.
To prevent such access by the guardian ad litem, Petitioner moved to enjoin the guardian ad litem program, and any individual guardian ad litem assigned, from obtaining any confidential or privileged records pursuant to the initial appointment order without a formal petition and hearing as provided in section 61.403(2), Florida Statutes. Petitioner also sought to modify the form appointment order to exclude from automatic production those records, described in section 61.403(2), for which a petition and hearing would have been required in a chapter 61 dissolution proceeding.
Thereafter, because the department and the mother indicated an intent to call Dr. Malloy as a witness, Petitioner filed a motion for protective order and /or a motion in limine, requesting that the trial court enjoin any party from calling Dr. Malloy as a witness. After a hearing, the trial court concluded that it would permit Dr. Malloy to testify at the dependency trial on a strictly circumscribed inquiry, limiting the testimony to: (1) whether the mother made therapy appointments for Petitioner; (2) the dates of the appointments; (3) whether Petitioner attended the appointments; (4) whether the mother was cooperative with the therapy schedule; and (5) whether the mother was a suitable custodian for Petitioner. Further, Dr. Malloy was directed not to rely on privileged information during her testimony. The court, however, also entered an order denying Petitioner's motion for injunctive relief with respect to access by the guardian ad litem.
We review these orders as if a petition for writ of certiorari was filed challenging the denial of a protective order to bar the guardian ad litem from obtaining confidential records based solely on the authority provided by the form order. See Viveiros v. Cooper, 832 So.2d 868 (Fla. 4th DCA 2002); Cohen v. Cohen, 813 So.2d 1060 (Fla. 4th DCA 2002); Daly v. Daly, 624 So.2d 304 (Fla. 4th DCA 1993). We conclude that the order, rendered August 9, 2002, is a departure from the essential requirements of law and caused material injury, leaving no adequate remedy on appeal.
Petitioner has made a prima facie showing of irreparable harm because she has asserted the psychotherapist/patient privilege as to the confidential communications which are being sought. See Allstate Ins. Co. v. Boecher, 733 So.2d 993, 999 (Fla.1999). As to whether the trial court departed from the essential requirements of law in denying injunctive or protective order relief, we need not rely upon Petitioner's primary contention that, as a matter of law, section 61.403, Florida Statutes, applies to chapter 39 proceedings, and, if it does, that the guardian ad litem was required by that statute to petition the trial court for an order. Nor need we decide, here, the circumstances under which a court may invade the privilege asserted by a competent, mature minor. We, nevertheless, conclude that Petitioner, at a minimum, was entitled to notice and an opportunity to be heard, before any such invasion may be permitted.
The psychotherapist/patient privilege, contained in section 90.503(2), Florida Statutes, provides:
A patient has a privilege to refuse to disclose, and to prevent any other person *957 from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition, including alcoholism and other drug addiction, between the patient and the psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the psychotherapist. This privilege includes any diagnosis made, and advice given, by the psychotherapist in the course of that relationship.
§ 90.503(2), Fla. Stat. (2001).
Petitioner has a right to assert this privilege. This court has recognized that a minor child has a privilege in the confidentiality of communications with a psychotherapist. See Attorney Ad Litem for D.K. v. Parents of D.K., 780 So.2d 301, 307 (Fla. 4th DCA 2001).
In D.K., it was recognized that the trial court should consider the age and maturity of the child in deciding whether to appoint an attorney ad litem to assert the child's position. See also Kasdaglis v. Dep't of Health, 827 So.2d 328 (Fla. 4th DCA 2002)(holding that social worker is under no obligation to furnish privileged therapy records of a sixteen year old to the child's mother without the child's consent). There is no evidence in this record that Petitioner is not old enough, mature enough, and competent enough to seek relief through a court appointed attorney rather than cede control of her privileged privacy interest to a guardian ad litem.
We note that the trial court, here, has recognized that Petitioner had not waived her privilege or placed her mental health in issue, nor has the privilege been abrogated by section 39.204, Florida Statutes.[2]
No Florida authority, however, directly addresses the issue of whether a dependent child may assert a psychotherapist/patient privilege to deny guardian ad litem access to therapeutic records. Both chapter 39 and the Florida Rules of Juvenile Procedure are silent as to the specific power and authority of a guardian ad litem to access records of a minor. Petitioner argues that the juvenile division is a subdivision of the family division and the doctrine of in pari materia compels the conclusion that section 61.403 should apply to a guardian ad litem in dependency proceedings. Section 61.403(2) provides:
The guardian ad litem, through counsel, may petition the court for an order directed to a specified person, agency, or organization, including, but not limited to, hospitals, medical doctors, dentists, psychologists, and psychiatrists, which order directs that the guardian ad litem be allowed to inspect and copy any records and documents which relate to the minor child or to the child's parents or other custodial persons or household members with whom the child resides. Such order shall be obtained only after notice to all parties and hearing thereon.
§ 61.403(2), Fla. Stat. (2001).
The department and the guardian ad litem correctly recognize, however, that chapter 61 governs only dissolution of marriage, support, and custody proceedings, and does not apply to a dependency proceeding. *958 In its amicus curiae brief, the guardian ad litem program agrees with the position of the guardian ad litem that advocating for the best interests of children who have been abused, abandoned, or neglected and working with the court and other parties to ensure that the safety and welfare of children are protected is qualitatively different than making a best interests recommendation in a dissolution proceeding between two parents without such dependency issues. The department also asserts that, in O'Connor v. Department of Health & Rehabilitative Services, 680 So.2d 1137 (Fla. 3d DCA 1996), the Third District Court of Appeal affirmed this principle in holding that chapter 61 provisions do not affect proceedings under chapter 39. We do not rely on that opinion, however, as we deem it inapposite to the facts before us.
The department and the guardian ad litem further point out that had the legislature intended to provide petition and hearing requirements in juvenile dependency proceedings, it would have done so, noting that chapter 39 is silent regarding a minor's right to notice and hearing for the production of confidential records and argue that section 39.4085(21), Florida Statutes, authorizes a guardian ad litem to review any and all records of a dependent child whenever the guardian ad litem deems it necessary. See § 39.4085(21), Fla. Stat. (2001).
We, however, do not read section 39.4085(21) as authorizing a guardian ad litem to review the privileged records of a dependent child, and there is no indication in that section that the legislature intended such authority. To the contrary, we read subsection (21) as recognizing the minor's right alone. To interpret the statute otherwise would essentially override the privacy interest of the child that is recognized in section 39.4085(2), (3).
Additionally, although we do not read section 61.403 in pari materia with chapter 39 such as to authorize a guardian ad litem to obtain confidential psychotherapist/patient records, we note that the supreme court, in deciding whether section 827.04(1)(a), Florida Statutes, which prohibits contributing to the delinquency of a minor, was unconstitutionally vague, looked not only to the language of chapter 827, but to chapters 39, 984, and 985 because they "have identical underlying purposes." State v. Fuchs, 769 So.2d 1006, 1010 (Fla.2000); see also Am. Bakeries Co. v. Haines City, 131 Fla. 790, 801, 180 So. 524, 528 (1938)("Laws should be construed with reference to the constitution and the purpose designed to be accomplished, and in connection with other laws in pari materia, though they contain no reference to each other."). Here, both chapter 39 and section 61.403 have the identical underlying purpose of protecting the interests of minors. As 61.403 is the only statute that speaks to the power of a guardian ad litem to access records of a minor, it is, at the very least, a useful aid in reviewing the scope of a guardian ad litem's authority in chapter 39 proceedings. At a minimum, the principal's right to notice and an opportunity to be heard should be recognized in this situation as it is in section 61.403.
Here, the minor's privacy interests are at stake, and Article I § 23 of the Florida Constitution affords the right to privacy to every natural person irrespective of age. In re T.W., 551 So.2d 1186 (Fla.1989)(consent to abortion). In In re T.W., the Florida Supreme Court noted that, in addition to those interests considered in the case of an adult, the court must consider "the state's interest in protecting minors." Id. at 1195. The supreme court further recognized that in order to outweigh the minor's privacy rights, the interest must be "compelling," and where a *959 compelling state interest is found, the state must choose the least intrusive or restrictive means of furthering that interest. Id. The legislature undoubtedly has considered much of the foregoing in enacting section 61.403.
To the extent that any invasion of the privilege is necessary to protect the minor, the guardian ad litem, at a minimum, should be restricted to using the least intrusive means of obtaining information about the child's treatment. Although, here, we are dealing with a statutory, not a constitutional, privacy issue, there is no reason not to apply the same reasoning, particularly where the minor asserts the application of section 61.403(2). Patently, the least intrusive means for such purpose dictates that to the extent the court may have authority to invade the minor's privilege, its exercise must, at a minimum, include notice to the minor and an opportunity to be heard. Submitting the issue to the trial court for resolution in camera and giving the minor the opportunity to be heard is the least restrictive or intrusive means of furthering a compelling state interest in acquiring the privileged information.
Although no Florida authority directly addresses this issue, there is analogous support. In In re Kristine W., 94 Cal. App.4th 521, 528, 114 Cal.Rptr.2d 369, 373 (2001), for example, the California appeals court held that the psychotherapist/patient privilege applies to the relationship between a dependent child and her therapist when a state social worker seeks information relating to the child's communications with the therapist, including detailed records of therapy. There, the court held that these details were protected by the privilege, recognizing that the child "`has a substantial privacy interest' in the therapy she clearly needs." The court further held that "[i]n view of the foreseeable `emotional harm to [Kristine] from a forced disclosure' the social worker was only entitled to `circumscribed information' about the treatment Kristine was receiving from her therapist. The court limited the information that the therapist was expected to provide to `matters that reasonably assist the court in evaluating whether further orders are necessary for Kristine's benefit and preserv[ing] the confidentiality of the details of her treatment.'" Id. at 528, 114 Cal.Rptr.2d 369.
Our attention is also drawn to a body of research suggesting that minors should be accorded greater rights in medical decisions. See, e.g., Richard E. Redding, Children's Competence to Provide Informed Consent for Mental Health Treatment, 50 Wash. & Lee L.Rev. 695 (1993); Lois Weithorn & Susan Campbell, The Competency of Children and Adolescents to Make Informed Treatment Decisions, 53 Child Dev. 1589 (1982); Thomas Grisso & Linda Vierling, Minors' Consent to Treatment: A Developmental Perspective, 9 Prof. Psychol.: Res. & Prac. 412 (1978).
The maturity of minors to participate in such decision making has also been recognized by our legislature. E.g., § 394.4784, Fla. Stat. (2001)(removes the disability of non-age for any minor age thirteen or over to access outpatient crisis intervention, diagnostic and evaluation services); § 397.601(4)(a), Fla. Stat. (2001)(removes disability of minority for the purpose of obtaining voluntary substance abuse impairment services). Florida statutory law also allows unwed pregnant minors or minor mothers to give consent to medical services for themselves and for their children. See § 743.065, Fla. Stat. (2001). Additionally, a child has the right to participate in proceedings relating to his or her own adoption and to consent to the adoption of her own child. See In re Brock, 157 Fla. 291, 25 So.2d 659 (1946); *960 Peregood v. Cosmides, 663 So.2d 665 (Fla. 5th DCA 1995).
Common sense also dictates that failing to permit a mature minor the opportunity to object to the involuntary disclosure of private and intimate details shared with a therapist can only have a negative effect on the minor's relationship with both the therapist and the guardian ad litem and would often taint the minor's perception of the fairness of the legal process.
The Florida Bar Commission on the Legal Needs of Children, although not addressing the specific issue in this petition, has recently affirmed the importance of respecting the confidentiality interests of foster children in the final report that it submitted this past June to the Florida Bar Board of Governors.[3]
Many children involved with service agencies have suffered repeated violations of their sense of personal privacy. They have been abused by parents or relatives, or transferred from one foster care placement to another, or treated like commodities on an assembly line by harried or overworked agency staff. Respect for confidentiality rights is particularly crucial for such children. It allows them to exert some measure of control over their world, and to develop a degree of trust in those around them.
* * *
Children with the capacity to consent or withhold consent to the release of confidential information concerning health care treatment (e.g., records concerning mental health treatment, treatment for sexually transmissible diseases or HIV) should be consulted prior to an agency releasing such records and should be asked to give informed consent to the release of such information.
The Florida Bar Commission on the Legal Needs of Children Executive Summary Final Report, Confidentiality Subcommittee Report, The Florida Bar (June 2002). The commission also recommended that "[c]hildren over 14 should be allowed to request that private information not be disclosed when the disclosure involves extraordinarily sensitive issues concerning the child's privacy." Id. at C.24.
We recognize that a guardian ad litem has an interest in inquiring into the child's progress in therapy. Nevertheless, we conclude that Petitioner has a right to assert the therapist/patient privilege. The simple form order of appointment, here, allowing the guardian unrestricted access to the minor's most private communications with her therapist, cannot override Petitioner's right to privacy and right to assert the privilege.
Therefore, we conclude that the order denying Petitioner's motion departs from the essential requirements of law in failing to afford the fourteen year old minor an opportunity to be heard. However, nothing in this opinion should be construed as instructing the trial court as to the maturity or competency of this minor or as to what relief, if any, should be afforded upon further review.
KLEIN and STEVENSON, JJ., concur.
NOTES
[1] We thank the state of Florida, guardian ad litem programs for its amicus appearance on behalf of the respondent and the University of Miami School of Law Children and Youth Law Clinic and Florida's Children First for their amicus appearance on behalf of Petitioner.
[2] Section 39.204, Florida Statutes, provides, in pertinent part: "The privileged quality of communication between ... any professional person and his or her patient or client..., shall not apply to any communication involving the perpetrator or alleged perpetrator in any situation involving known or suspected child abuse, abandonment, or neglect...." § 39.204, Fla. Stat. (2001). Respondents assert that Petitioner's privilege is abrogated by this statute. We do not address this issue, as Respondents did not object to the trial court's findings in its order. We also do not address whether Petitioner is competent to assert the privilege, as this issue was not raised in the trial court.
[3] The executive summary and final report and recommendations of the confidentiality subcommittee of the bar commission are available on the bar website: www.flabar.org.