GROSS, J.
This petition for certiorari challenges the standard appointment order of the Guardian Ad Litem Program in the Fifteenth Judicial Circuit which allows the program unrestricted access to the child’s mental health records even without the child’s knowledge or consent.
We grant the petition and quash the orders tacitly approving the form order.
E.C. is a seventeen-year-old child in the custody of the Department of Children and Families as a result of a dependency action. The circuit court entered a standard order appointing a guardian ad litem. Paragraph one of the order provides:
Upon presentation of this Order to any agency, hospital, organization, school, person or office including the Clerk of this Court, Department of Health and Rehabilitative Services, human services and/or child-caring agencies, public and private health facilities, medical and mental health professionals, including doctors, nurses, pediatricians, psychologists, psychiatrists, counselors and staff, and law enforcement agencies, the individual designated in this cause and the Circuit Coordinator or program staff are hereby authorized to inspect and copy any records relating to the above-named Child without consent of said Child or parents of said Child.
(Emphasis added).
As the order applies to psychologists and psychiatrists, it runs afoul of S.C. v. Guardian Ad Litem, 845 So.2d 953, 960 (Fla. 4th DCA 2003). That case held that in a dependency proceeding, a juvenile “has a right to assert” the psychotherapist/patient privilege pursuant to section 90.503, Florida Statutes (2002), to prevent a court-appointed guardian ad litem from having access to records covered by the privilege. S.C. identified the problem with the form order there at issue; it “allow[ed] the guardian unrestricted access to the minor’s most private communications with her therapist.” 845 So.2d at 960.
We wrote in S.C. that the guardian ad litem:
should be restricted to using the least intrusive means of obtaining information about the child’s treatment.... Patently, the least intrusive means for such purpose dictates that to the extent the court may have authority to invade the minor’s privilege, its exercise must, at a minimum, include notice to the minor and an opportunity to be heard. Submitting the issue to the trial court for resolution in camera and giving the minor the opportunity to be heard is the least restrictive or intrusive means of furthering a compelling state interest in acquiring the privileged information.
Id. at 959 (emphasis added).
The order in this case allows the same unrestricted access to the guardian that this court found problematic in S.C. The order does not provide that the guardian’s *1195 right to obtain the privileged information must be preceded by a noticed in camera hearing, where the minor may assert the privilege.
Petition for writ of certiorari is granted.
WARNER and SHAHOOD, JJ., concur.